UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL W. HOLT,<br><br>                   Plaintiff,<br><br>   v.<br><br>CENTURY THEATRES, INC., a Foreign Corporation; JOHN DOES 1-50, inclusive; ABC CORPORATIONS 1-50, inclusive; and BLACK AND WHITE COMPANIES 1-50, inclusive,<br><br>                   Defendants. | Case No. 3:24-cv-00208-LRH-CLB<br><br>ORDER |

       Plaintiff Michael W. Holt ("Holt") initiated this action in the Second Judicial District Court for Washoe County, Nevada on January 25, 2024. ECF No. 1-1. On March 30, 2024, Holt filed his first amended complaint. ECF No. 1-2. Defendant Century Theatres, Inc. ("Century Theatres") filed a petition for removal (ECF No. 1) on May 10, 2024, asserting diversity jurisdiction. After review of the first amended complaint and Defendant's petition for removal, the Court finds that it requires more evidence to determine whether subject matter jurisdiction exists. Though it appears that the parties are of diverse citizenship,[1] whether the amount in controversy exceeds $75,000 exclusive of interest and costs is not facially apparent from the first amended complaint, nor has Century Theatres demonstrated it in its removal papers.

       "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among

---

[1] Both Parties allege that Holt is a resident of the State of Nevada and Century Theatres is a foreign corporation. *See* ECF No. 1 at 1; ECF No. 1-2 at 1. Century Theatres specifies that it is a Delaware Corporation with its principal place of business in Plano, Texas. ECF No. 1 at 3; ECF No. 1-5.

other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

When a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection to removal is made. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). When doing so, the Court construes the removal and jurisdiction statutes strictly and in favor of remanding to state court. *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In some cases, diversity jurisdiction is facially apparent from the complaint because the plaintiff claimed a sum greater than $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quotation omitted). But when it is not facially apparent, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quotation omitted).

A defendant's "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy this burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *see also Gaus*, 980 F.2d at 566 ("The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . .") (quotation omitted). The defendant must instead show through "the allegations in the complaint and in the notice of removal, as well as summary-judgment type evidence relevant to the amount in controversy," that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018).

Here, in arguing that the amount in controversy requirement has been satisfied, Century Theatres relies only on pre-litigation discussions with Holt's counsel to allege that the amount in controversy "would well exceed the $75,000 threshold." ECF No. 1 at 2. Century Theatres does not include any further information or attach any supporting documentation of this allegation. In addition, Holt's first amended complaint only alleges, "sustained damages in a sum in excess of $15,000.00." ECF No. 1-2 at 5. The Court finds that it is not facially apparent from the complaint,

nor the petition for removal that more than $75,000 is in controversy. Accordingly, jurisdiction has not been satisfied.

The Court will provide Century Theatres additional time to present "summary-judgment-type evidence" to prove that the amount of damages Holt seeks will, more likely than not, exceed $75,000 exclusive of interest and costs.

IT IS THEREFORE ORDERED that Century Theatres is granted twenty (20) days from entry of this Order to establish the minimum amount in controversy for federal jurisdiction. Holt is granted ten (10) days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 15th day of May, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3