UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL W. HOLT,<br><br>           Plaintiff,<br><br>v.<br><br>CENTURY THEATRES, INC.,<br><br>           Defendant. | Case No. 3:24-CV-00208-CLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 31] |

This case involves a negligence action filed by Plaintiff Michael W. Holt ("Holt") against Defendant Century Theatres, Inc. ("Century").[1] Currently pending before the Court is Century's motion for summary judgment. (ECF No. 31.) For the reasons stated below, Century's motion is granted.

**I.    BACKGROUND**

    **A.    Procedural History**

Holt filed a complaint alleging one count of negligence against Century. (ECF No. 1-1.) Holt originally brought his case in state court but Century removed it based on diversity jurisdiction. (ECF Nos. 1, 15.) Holt was initially represented by counsel, but after the case was removed to federal court, Holt's counsel filed a motion to withdraw citing irreconcilable differences. (ECF No. 16.) The Court permitted Holt's counsel to withdraw; Holt did not retain new counsel and is proceeding *pro se*. (ECF No. 18.) The case proceeded through the normal litigation track and discovery commenced.

During discovery, Century sent Holt 13 requests for admission. (ECF No. 31-2.) Holt failed to respond within 30 days as prescribed by Federal Rule of Civil Procedure

---

[1] In his complaint Holt also named stand-in Defendants John Does 1-50, ABC Corporations 1-50, and Black and White Companies 1-50, all inclusive, with the expectation of adding their true identities once they were discovered. (ECF No. 1-1 at 3.) However, Holt never added the unknown Defendants, and so Century is the only named Defendant in this case.

36(a)(3), thereby deeming Century's requests admitted. (ECF No. 31 at 5.) However, some five months after receiving Century's requests Holt sent what Century described as "a jumbled mess of documents" that was largely unintelligible, but did contain responses to Century's requests for admission. (ECF No. 31-3 at 22-23.) Holt never filed a motion seeking to excuse his untimeliness or withdraw those admissions. Moreover, according to Century's counsel, Holt never filed his initial disclosures as required by Rule 26(a). (ECF No. 31 at 7.)

Once discovery closed Century filed the instant motion. (ECF No. 31.) As required by Ninth Circuit precedent, the Court gave Holt notice that a dispositive motion had been filed against him. (ECF No. 32); *see also Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Rand v. Rowland*, 154F.3d 952 (9th Cir. 1998). A few days later, Holt filed a 73-page-long document that was largely unintelligible, though the first page did note Holt was requesting "a leeway extension on this case" due to being sick. (ECF No. 34.) The Court held a status conference to discern the purpose of Holt's filing and, ultimately, construed it be a request for an extension of time to file an opposition to Century's motion for summary judgment, which the Court granted. (ECF No. 37.) Holt subsequently filed four documents in response, (ECF Nos. 38-41), and Century replied, (ECF No. 45).

**B.    Factual Summary**

On September 24, 2022, Holt visited a movie theatre operated by Century. (ECF Nos. 1-2 at 4; 31 at 9.) In his complaint, Holt alleges that while he was walking up the stairs to get to his seat he attempted to use the back of an unoccupied seat to support himself. (ECF Nos. 1-2 at 4-5; 31 at 9; 31-3 at 22.) However, the seatback reclined and caused Holt to lose his balance and fall, resulting in physical injuries. (ECF Nos. 1-2 at 4-5; 31 at 9; 31-3 at 22.) Holt admits that the theatre lighting was functioning correctly and that there was a handrail available, but claims the handrail was too far from the seat. (ECF No. 31-3 at 22.) The crux of Holt's claim is that Century was negligent for having reclining chairs in the theatre. (*Id.*)

///

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2)

3

submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of their contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The nonmoving party "must come forth with evidence from which a jury could reasonably render a verdict in the nonmoving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita*, 475 U.S. at 586-87.

///

///

## III. DISCUSSION

Century argues they are entitled to summary judgment because Holt has not adduced any evidence to support his negligence claim. (ECF No. 31 at 14-15.) The available facts, Century argues, shows that they were not negligent because Holt opted to use a reclining chair for support instead of the available handrail. (*Id.* at 15.) Holt, although he filed several responses, does not offer any evidence to rebut Century's argument.[2] (*See* ECF Nos. 38-41.) The Court agrees with Century that there is no evidence to support Holt's negligence claim and therefore finds they are entitled to summary judgment.

The basis for jurisdiction in this case is diversity under 28 U.S.C. § 1332. (ECF No. 15 at 3.) "A federal court sitting in diversity applies the substantive law of the state" and "is bound by the decision of the highest state court." *Clark v. Eddie Bauer LLC*, 30 F.4th 1151, 1154 (9th Cir. 2022) (quoting *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011)). Here, the forum state is Nevada, and so the Court is bound by Nevada's negligence law. To prevail on his negligence claim, Holt must establish four elements: "(1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages." *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (quoting *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009)).

To show causation, Holt must establish that Century's negligence was both the actual and proximate cause of his damages. *Id.* Actual cause is demonstrated by establishing that but for Century's negligence Holt would not have been injured. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 107 (Nev. 1998), *abrogated on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 14-15 (Nev. 2001). Proximate cause, on the other hand,

---

[2] Holt's filings are largely unintelligible and irrelevant. For example, one filing is 56 pages long, 38 pages of which consist of a single run-on sentence with no punctuation. (ECF No. 41 at 1-38.) Much of those 38 pages discuss Holt's dissatisfaction with his former counsel and his desire to sue them. Similarly, another filing is five pages long and again consists only of a single run-on sentence with no punctation and is largely unintelligible. (ECF No. 39.) As for the other two filings, they discuss Holt's dissatisfaction with his prior counsel and statements unrelated to Century's summary judgment motion. (ECF Nos. 38, 40.)

is a policy consideration which limits liability to foreseeable consequences reasonably connected to the negligent conduct and harm that conduct created. *Id.*

Because Century is the defendant and would not bear the burden of proof at trial, they may meet their initial burden for summary judgment either by showing: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) by submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Century opted for the first choice and contends there is no evidence establishing they breached their duty to Holt.[3] (ECF No. 31 at 14.) The Court agrees.

Century's motion shows that Holt has not participated in the discovery process in any meaningful way and has not produced a single piece of evidence to support his claim Century was negligent. (*See* ECF No. 31 at 3-8, 14-15.) Century has therefore met their initial burden for purposes of its motion for summary judgment, and the burden now shifts to Holt to "come forth with evidence from which a jury could reasonably render a verdict in the nonmoving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Holt, despite being given a *sua sponte* extension to do so, (ECF No. 37), has failed to produce any such evidence.[4]

---

[3] Holt's complaint also alleges negligence per se which, although not a separate cause of action, is a method of establishing the breach element of a general negligence claim. *Munda v. Summerlin Life & Health Ins. Co.*, 267 P.3d 771, 773 n.3 (Nev. 2011). To establish breach through negligence per se Holt must establish, *inter alia*, that Century violated a statute, and that Holt was among the class of persons the statute was intended to protect. *Brochu v. Foote Enterprises, Inc.*, 381 P.3d 596, at *3 (Nev. 2012). However, Holt offers no statute, ordinance, or rule for consideration. Therefore, the Court construes Holt's claim as only asserting a claim for negligence.

[4] The Court acknowledges that a *pro se* litigant's contentions may be considered as evidence when addressing a summary judgment motion. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). For the Court to do so, however, Holt must "attest[] under penalty of perjury that the contents of the motions or pleadings are true and correct." *Id.* Holt has failed to do so. His contentions, to the extent they can be discerned, are therefore not proper evidence for the Court's consideration.

        Furthermore, Holt's allegations are belied by his responses to Century's requests for admission. Holt admitted the lighting in the theatre "was perfect" and that there was a handrail available. (ECF No. 31-3 at 22.) Apparently, Holt opted for the seat because the handrail was "too far from the seat." (*Id.*) However, Holt offers no evidence to support his claim the handrail was too far, nor does he provide any explanation as to why he chose to embark up the stairs on the side closer to the seats as opposed to the handrail. Moreover, in his responses, Holt states Century was negligent because they used reclining chairs but offers no evidence to suggest the use of reclining chairs constitutes a breach of duty. Nor does common sense suggest the use of reclining chairs in a movie theatre is problematic. As Century points out, movie theatre seats are designed to recline to create a more comfortable viewing experience and are not intended to be used in lieu of the handrail. (ECF No. 31 at 15.)

        Because Holt has not adduced any evidence from which a jury could reasonably render a verdict in his favor, and because his own admissions support the conclusion Century did not breach their duty of care, the Court finds Century is entitled to summary judgment.[5]

///

///

///

///

---

[5] Century also argues they are entitled to summary judgment because Holt did not timely respond to their requests for admission which, under Federal Rule of Civil Procedure 36(a)(3), equates to an admission. The Court agrees that Holt's responses were untimely and that Holt did not seek an extension of time from the Court to excuse his untimeliness or withdraw the admissions, which form an independent basis for granting summary judgment in Century's favor. *See Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment." (citing *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958))). However, because the Court is required to construe *pro se* filings liberally, and Holt did eventually submit his responses (albeit four months late), (ECF No. 31 at 5-6), the Court must reach the merits of Holt's claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Century's motion for summary judgment, (ECF No. 31), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk enter judgment in favor of Century and close this case.

DATED: November 17, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**